# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> Renesas Electronics Corporation and Renesas Electronics America, Inc., <br><br> Defendants | Civil Action No.: 6:20-cv-1213 <br><br> ORAL ARGUMENT REQUESTED <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |

**RENESAS'S OPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA, OR IN THE ALTERNATIVE TRANSFER VENUE TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

## <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................... 2

    A.  The Parties ................................................................................................. 2

    B.  This Litigation ........................................................................................... 2

    C.  Infringement-Related Third Parties ........................................................ 3

III. LEGAL STANDARD .......................................................................................... 5

IV. ARGUMENT ........................................................................................................ 6

    A.  This Case Could Have Been Filed in the Northern District of California ............ 6

    B.  The Private Interest Factors Favor Transfer to the Northern District of
California ................................................................................................... 6

        1.  Relative Ease of Access to Source of Proof ............................... 7

        2.  Availability of Compulsory Process ........................................... 9

        3.  Cost of Attendance for Willing Witnesses .............................. 10

        4.  There Are No Practical Problems Associated with Transfer to the
Northern District of California ................................................. 11

    C.  The Public Interest Factors Weigh in Favor of Transfer ...................... 12

V.  CONCLUSION ................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok Inc.*, No. 6:20-cv-00810-ADA, 2021 WL 2043978 (W.D.
    Tex. May 21, 2021) .........................................................................................9, 10, 11

*Aguilar-Ayala v. Ruiz*,
    973 F.2d 411 (5th Cir. 1992) ...................................................................................9

*In re Apple*,
    979 F.3d 1332 (Fed. Cir. 2020)........................................................................5, 6, 7

*Fintiv, Inc. v. Apple Inc.*,
    No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019)
    (Albright, J.)..........................................................................................................9, 12

*In re Genentech Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)...........................................................................7, 12

*In re Hoffmann–La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)..........................................................................11, 12

*In re HTC*,
    889 F.3d 1349 (Fed. Cir. 2018)..................................................................................6

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    No. 6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020)
    (Albright, J)..........................................................................................................7, 11

*Polaris Innovations Ltd. v. Dell, Inc.*,
    Civil Action No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5,
    2016) (Rodriguez, J.) .........................................................................................7, 10

*Koss Corp. v. Plantronics, Inc.*, No. 6:20-CV-00663-ADA, 2021 WL 2075685,
    (W.D. Tex. May 20, 2021) ........................................................................................7

*SynKloud Techs., LLC v. Dropbox, Inc.*,
    No. 16:19-cv-00525-ADA, 2020 WL 2494574 (W.D. Tex. May 14, 2020) ....................10, 11

*In re Volkswagen of Am. Inc.*,
    545 F.3d 304 (5th Cir. 2008) .............................................................................4, 5

*In re Western Digital Techs.*,
    2021-137 .................................................................................................................5

ii

*Wet Sounds, Inc. v. Audio Formz, LLC*,
   2017, A-17-CV-141-LY, WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017) ............................11

**Statutes**

28 U.S.C. § 1391(c) ..............................................................................................................6

28 U.S.C. § 1404(a) .................................................................................................. *passim*

## I.    INTRODUCTION.

Defendants Renesas Electronics Corporation ("REL") and Renesas Electronics America, Inc. ("REA") (collectively, "Renesas") respectfully move to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a), the home of REA and a number of relevant non-parties.  Alternatively, Renesas moves to transfer this case to the Austin Division of the Western District of Texas, the home of Renesas's only Texas-based facility.[1]

Defendant REL is a Japanese corporation with its principal place of business in Tokyo, Japan; REL's wholly owned subsidiary, defendant REA is a California corporation, with its principal place of business in Santa Clara County, California.  Notably, Renesas has virtually no information related to infringement issues in this case, because the infringement allegations focus on third party proprietary systems.  The Renesas defendants are accused of infringement for importing, selling and offering to sell chips made on fabrication lines running that third party technology.  As a result, the extent of relevant information in Renesas's possession is mostly related to U.S. sales.  And that information is primarily located in Northern California at REA's headquarters.  As to the accused systems, the relevant third parties have substantial operations in Northern California.

In contrast, Plaintiff Ocean Semiconductor LLC ("Ocean"), is a Delaware limited liability corporation and does not allege any connections to this District in its complaint.

---

[1] On June 23, 2021, counsel for the parties conferred in a good-faith attempt to resolve this motion by agreement, as set forth in L.R. CV-7. This motion is opposed because Ocean does not agree to transfer the case to Northern District of California.

## II.     FACTUAL BACKGROUND.

### A.     The Parties.

Defendant REL is one of the world's leading suppliers of semiconductor products. Declaration of Kris Rausch ("Rausch Decl.") ¶ 7.  REL is a Japanese corporation with its principal place of business is in Tokyo, Japan.  *Id.*  REL designs and manufactures certain semiconductor products in its facilities in Japan.  *Id.*  It also contracts with third-party manufacturers to manufacture some products.  *Id.*

Defendant REA is the sales and marketing arm of REL for the Americas and is a wholly owned subsidiary of REL.  Rausch Decl. ¶ 6.  REA was formed in 2010 through the merger of NEC Electronics America Inc. and Renesas Technology America, Inc.  *Id.* ¶ 5.   REA is a California corporation, and its principal place of business is—and has been since its formation— in Santa Clara County, California.  *Id.* ¶ 4.

Ocean is a patent assertion entity and a Delaware limited liability corporation.  Dkt. 1 ¶ 2.

### B.     This Litigation.

On December 31, 2020, Ocean filed suit against Renesas, alleging that Renesas infringes U.S. Patents Nos. 6,660,651, 6,907,305, 6,725,402, 6,968,248, 7,080,330, 6,836,691, and 8,676,538 (collectively, the "patents-in-suit") by importing into the United States, or using, selling, or offering for sale in the United States certain integrated circuits.  Dkt. 1.  All of the asserted claims of the patents-in-suit relate to analyzing information about equipment used to manufacture semiconductors.  Dkt. 1, Exs. A-G.  The patents-in-suit were originally assigned to Advanced Micro Devices, Inc ("AMD").  *Id.*  On March 28, 2019, all of the patents-in-suit were assigned to Fullbrite Capital Partners ("Fullbrite").  Declaration of Sarah Fischer ("Fischer Decl."), Ex. 2.  On October 20, 2020, the patents-in-suit were assigned to Ocean.

In its Complaint, Ocean identifies dozens of products that it alleges infringe one or more of the patents-in-suit, including microcontrollers, microprocessors, amplifiers, buffers, analog products, clocks, timing products, interface and connectivity products, audio and video products, automotive products, integrated circuits for communications and mobile devices, sensor products, data converters, integrated circuits for industrial automation, integrated circuits for motor driver/actuator driver, interface devices, legacy MCUs, memory, optoelectronics, power management devices, RF products, and other products.  Dkt. 1 ¶ 12.  Ocean alleges that Renesas infringes, either directly or through its relationship with Taiwan Semiconductor Manufacturing Company Ltd. ("TSMC"), through the use of Applied Materials' ("AMAT's") E3 system, PDF Solutions' Exensio system, and/or ASML Holding N.V's ("ASML") TWINSCAN Products.  Dkt. 1 ¶¶ 13-14.  TSMC, AMAT, ASML, and PDF Solutions are not parties to this action, but are likely to have relevant information.  Renesas moved to dismiss this complaint on April 26, 2021 (D.I. 15), and a case management conference has been set for June 30, 2021 based on the Court's scheduling order.  Dkt. 32.

### C.     Third Parties Related to Ocean's Infringement Allegations.

As explained above, the infringement case is based on technologies supplied by AMAT, PDF, TSMC, and/or ASML.  More about each of these companies, their respective U.S. presence, and each entity's relationship to the litigation is outlined below:

*AMAT*: AMAT engineers manufacturing and process technologies used to build semiconductor and display products.  While AMAT has a global presence, with offices in 19 countries, it is headquartered in Santa Clara County, California.  AMAT has significant ties to this litigation because Ocean alleges that Renesas infringes through the use of AMAT's E3 System in the manufacture and fabrication of the Accused Products.  Further, Ocean alleges that the Accused

3

Products infringe one or more patents-in-suit through the use of E3 software in the product.  The design and development of the E3 software did not occur in this district.

*PDF Solutions*: PDF Solutions produces semiconductor manufacturing and testing software, used to generate and collect data during the manufacturing process.  PDF Solutions is headquartered in Santa Clara County, California, and the individual who drafted the manuals for the products at issue in this case resides there.  Ocean alleges that Renesas infringes, in part, by the use of PDF Solutions' Exensio platform during the manufacture and testing of its semiconductor products.  The design and development of the Exensio platform did not occur in this district.

*TSMC*: TSMC is a dedicated semiconductor foundry focused solely on manufacturing semiconductor products.  TSMC is headquartered in Taiwan, but maintains a global presence with offices in Asia, Europe, and North America.  The North American arm of TSMC is located in San Jose, California.  Renesas and TSMC have a contractual partnership in which TSMC designs, develops, and manufactures Renesas's semiconductor products.  TSMC is directly tied to the present litigation, as Ocean alleges, in part, that Renesas infringes through its partnership with TSMC, by its use of Applied Materials' and PDF Solutions' equipment, platforms, and/or frameworks in the manufacturing process.

*ASML*: ASML supplies the semiconductor industry with lithography systems to help ease the cost of manufacturing.  ASML is headquartered in the Netherlands but has a significant presence in the United States, with offices in California, Arizona, Oregon, and Connecticut.  In this litigation, Ocean alleges that Renesas infringes on one or more patents-in-suit through the use of the ASML TWINSCAN system in the manufacture of its semiconductor products.  The design and development of the TWINSCAN system did not occur in this district.

4

### III.    LEGAL STANDARD.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.  To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).  If so, courts weigh four private and four public factors to determine whether good cause exists to transfer the matter.  *Id.* at 315; *see also In re Western Digital Techs.*, 2021-137 (discussing "lesser showing of inconvenience" required to support a motion to transfer venue versus a forum non conveniens transfer).

The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The Federal Circuit has held that in applying these private factors, the first factor requires courts to look at "the ease of access to non-witness evidence, such as documents and other physical evidence," and, in applying the fourth factor, the 100-mile rule should not be rigidly applied where witnesses will be required to travel a significant distance no matter where they testify." *In re Apple,* 979 F.3d 1332, 1343 (Fed. Cir. 2020).  The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id.*  Each factor can favor transfer even if that factor is, standing alone, insufficient to warrant transfer.  *In re Apple*, 979 F.3d at 1340.  Further, the movant's burden is to "demonstrate

5

that the transferee venue is clearly more convenient," not to show that "a particular private or public interest factor favors transfer." *Id.*

## IV.    ARGUMENT.

Considering the public and private factors under § 1404(a), the Northern District of California is the most convenient forum for this case for both party witnesses and essential third-party witnesses necessary for the litigation of this case.  As a result, Renesas's motion to transfer this case to the Northern District of California should be granted.

### A.    This Case Could Have Been Filed in the Northern District of California.

As an initial matter, transfer is available to any venue where the case "might have been brought."  28 U.S.C. § 1404(a).  Venue is clearly proper in the Northern District of California as to REA, as REA has a regular and established place of business in the Northern District of California and has engaged in the accused activity (*e.g.*, sales activities) in that district. Rausch Decl. ¶ 8.  Venue in the Northern District of California is proper as to REL as well, because REL is a foreign corporation, and "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c).  Additionally, REL's and REA's contacts (*e.g.*, conducting and soliciting business) with the Northern District of California are more extensive than their alleged contacts with this district considering that is where REA is headquartered. Accordingly, to the extent that the Complaint alleges that REL's and REA's actions in this District give rise to personal jurisdiction here, Ocean must also admit that personal jurisdiction over REL and REA would be proper in the Northern District of California.

### B.    The Private Interest Factors Favor Transfer to the Northern District of California.

The private interest factors favor transfer because substantially more evidence and witnesses are likely to call Northern California, not the Western District of Texas, home.  Each

factor is either neutral or favors transfer.  To the extent that this Court finds a transfer to the Northern District of California is not appropriate, Renesas respectfully requests that this case be transferred to the Austin Division of the Western District of Texas, the only locale in Texas where Renesas even has a facility.

       1.    <u>Relative Ease of Access to Source of Proof.</u>

The ease of access to sources of proof is a significant factor in the transfer analysis.  *See Polaris Innovations Ltd. v. Dell, Inc.*, Civil Action No. SA-16-CV-451-XR, 2016 WL 7077069, at *6, *11 (W.D. Tex. Dec. 5, 2016) (Rodriguez, J.) ("ease of access to evidence" and "cost and convenience for traveling witnesses" are "the most important factors").  While electronic documents may be accessible anywhere, the Court "must adhere to the precedent of the Fifth Circuit when considering the location of relevant documents and information."  *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020) (Albright, J); *see also Koss Corp. v. Plantronics, Inc.*, No. 6:20-CV-00663-ADA, 2021 WL 2075685, at *3 (W.D. Tex. May 20, 2021).

It is now well-established that "in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

Here, the majority of Renesas's marketing and sales documents are located in the Northern District of California, and that evidence is directly controlled by managers and executives in the Northern District of California.  Rausch Decl. ¶ 8.  Considering Renesas has limited relevant

technical information, given the nature of the dispute, there is likely more information in Renesas's possession in Northern California than any where else in the world—including in Japan.[2]

As it relates to sales and marketing, REA's marketing activities are directed and controlled by people working from REA's Santa Clara County, California headquarters, including Kris Rausch, Vice President of Sales of Americas at REA headquarters in Santa Clara, California. Rausch Decl. ¶¶ 8, 10. REA's Marketing Communication and Demand Creation ("MCDC") is headquartered in Santa Clara County, California. Krista Pavlakos is the head of MCDC. *Id.* Ms. Pavlakos resides in Santa Clara, County. *Id.* The location of Renesas's evidence alone means this factor favors transfer.

Additionally, the noted third party suppliers (AMAT, TSMC, and ASML PDF Solutions) have relevant operations in Northern California. For example, while TSMC is a Taiwanese company, its U.S. subsidiary (TSMC North America) is headquartered in San Jose, California. Fischer Decl., Ex. 3. PDF Solutions is based in Santa Clara, California, which is also in the Northern District. Fischer Decl., Ex. 4. AMAT is also based in Santa Clara, California. Fischer Decl., Ex. 5. ASML, for its part, is headquartered in the Netherlands, but also has a Silicon Valley office in San Jose, California. Fischer Decl., Ex. 6. In other words, highly relevant evidence regarding alleged infringement resides in and with companies in the Northern District of California.

---

[2] Indeed, none of the employees residing in Austin, Texas or the Western District of Texas have any involvement whatsoever with fault detection or other processes performed on foundry lines operated by TSMC or other foundries. Declaration of Brannon Harris ("Brannon Decl.") ¶ 7. Further, REA's Palm Bay fabrication plant in Florida does not use Applied Materials E3 system, PDF Solutions Extensio systems, and ASML TWINSCAN or YieldStar Platform software or equipment. Declaration of Richard Castro ("Castro Decl.").

None of the relevant third party information appears to be in the Western District of Texas. Indeed, the technologies supplied by AMAT, PDF Solutions, and ASML that are accused in this matter are used in the fabrication of semiconductors – that is, they are integral to the physical manufacture of semiconductors, but have no relevance after the semiconductors are manufactured. As such, the relevant evidence is likely on the fabrication lines and there is no allegation of any fabrication activity taking place in the Western District of Texas.

Considering that most relevant information (and personnel) in Renesas's possession are in Northern California, no third party manufacturing equipment is used in the Western District of Texas, and the relevant third parties have substantial operations in Northern California, factor 1 favors transfer.

2.    Availability of Compulsory Process.

"The Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (Albright, J.).  This is crucially important because the ability to compel appearance at trial is crucial for evaluating the "strength or weakness of the witness' testimony." *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

Although certain named inventors are resident in the Western District of Texas,[3] there are at least four named inventors who reside in Northern California.

Additionally, as noted above, the most important third parties have substantial operations in Northern California; they cannot be compelled to come to Waco, Texas to testify at trial.  At a

---

[3] In fact, all but one of the inventors who are resident in Texas reside in Austin.  Furthermore, AMD's Texas location is in Austin.  Accordingly, to the extent this Court does not find transfer to the Northern District of California is proper, transfer to the Austin Division of the Western District of Texas is appropriate.

minimum, it is clear that there are not more persons with relevant infringement information in the Western District of Texas than Northern California.

This factor either favors transfer or is neutral.

### 3.   Cost of Attendance for Willing Witnesses.

The convenience of the witnesses is the single most important factor in transfer analysis. *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 16:19-cv-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020); *see also 10Tales, Inc. v. TikTok Inc.*, No. 6:20-cv-00810-ADA, 2021 WL 2043978, at *4 (W.D. Tex. May 21, 2021).   "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.*  Although more weight is given to non-party witnesses, "the court also appropriately considers the cost of attendance of *all* willing witnesses."  *Polaris*, 2016 WL 7077069, at *6 (emphasis in original).

Here, the convenience of party witnesses favors transfer to the Northern District of California.  As noted above, the most pertinent Renesas witnesses are in Northern California (or, in one instance, Michigan).  Rausch Decl. ¶¶ 10, 11, and 13.  To the extent a witness is required to testify at trial regarding sales activities, Kris Rausch is the most likely trial witness and is based in the Northern District of California.  Rausch Decl. ¶ 11.  To the extent a witness is required to testify at trial regarding marketing activities, Ms. Pavlakos is the most likely trial witness and is based in the Northern District of California.  Rausch Decl. ¶ 10.  Although REA does have some employees in Austin, Texas those employees do not have unique information regarding the accused products or that is additionally pertinent to this case.  Rausch Decl. ¶ 12.

"[T]he task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when

the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour." *Wet Sounds, Inc. v. Audio Formz, LLC*, 2017, A-17-CV-141-LY, WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017) (Austin, J.).  Here, many of the fact witnesses would only be a short drive away from the Northern District of California courthouses.  On the other hand, the same witnesses would have to travel to an airport, fly for over three and a half hours before driving another 90 minutes to Waco, adding up to five or six hours of additional and unnecessary travel, without even considering the return trip.  *See 10Tales, Inc.*, 2021 WL 2043978, at *4 (finding that travel to the Northern District of California "most convenient" as compared to the Western District of Texas "located over 1,300 miles further" when most of the relevant witnesses reside in California).

As such, this factor favors transfer.

4. <u>There Are No Practical Problems Associated with Transfer to the Northern District of California.</u>

There are no practical problems associated with a transfer, and judicial economy favors transfer to the Northern District of California.  Because this case is in its early stages—with no case schedule entered and discovery yet to begin—there is no judicial economy to be gained from the Court's limited time with this case.  *Parus Holdings*, 2020 WL 4905809, at *6.  Further, any co-pending litigation is not dispositive in a transfer analysis.  *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 16:19-cv-00525-ADA, 2020 WL 2494574, at *5 (W.D. Tex. May 14, 2020) ("considerations of judicial economy and the existence of co-pending litigation are not dispositive in the transfer analysis."); *see also 10Tales, Inc. v. TikTok Inc.*, No. 6:20-cv-00810-ADA, 2021 WL 2043978, at *4 (W.D. Tex. May 21, 2021).  Thus, this factor is neutral.

### C.     The Public Interest Factors Weigh in Favor of Transfer.

Each of the public interest factors also favor transfer, or are neutral.  First, the Northern

District of California has a strong local interest in this dispute, as a majority of suppliers of the

accused technologies, *e.g.*, AMAT, PDF, TSMC, are headquartered there in the United States.

Also, REA is based in Santa Clara.  *See Apple*, 979 F.3d at 1345 ("This factor most notably regards

not merely the parties' significant connections to each forum writ large, but rather the 'significant

connections between a particular venue and the events that gave rise to a suit.'"); *see In re*

*Hoffmann–La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (explaining that "[w]hile the sale

of an accused product offered nationwide does not give rise to a substantial interest in any single

venue, if there are significant connections between a particular venue and the events that gave rise

to a suit, this factor should be weighed in that venue's favor") (internal citations omitted).  *See*

*supra,* Section II.A.  As noted above, there is no evidence that Ocean has any ties to this district.

This factor favors transfer.

The other public factors are neutral.  The administrative difficulties flowing from court

congestion are neutral because the average time to trial in this district and the Northern District of

California are similar,[4] and neither discovery nor a *Markman* hearing have occurred.  *See In re*

*Hoffmann–La Roche Inc.* at 1344 (evaluating the administrative difficulties factor between the

Northern District of California and  this District).  Even if it were not, this factor should be given

the least weight as the Federal Circuit has held that time to trial "appears to be the most

speculative" of the factors in the transfer analysis.  *Fintiv*, 2019 WL 4743678, at *7; *In re*

*Genentech*, 566 F.3d at 1347.  Finally, the familiarity with governing law and conflict of laws

factors are neutral.  This case will be largely governed by federal patent law, and both this district

---

[4] Approximate average times to trial since 2008 are similar: 2.62 years in the Western District of Texas, and 2.40 years in the Northern District of California.  Fischer Decl., Ex. 1.

and the Northern District of California are familiar with the federal patent laws.  No issues with conflict of laws, or the application of foreign law are likely to arise in this case.

On balance, the public factors favor transfer as well.

## V.      CONCLUSION.

In sum, the relevant private and public factors under § 1404(a) favor transfer to the Northern District of California.  Thus, Renesas respectfully requests the Court transfer this case to the Northern District of California.  In the alternative, Renesas respectfully requests that this case be transferred to the Austin Division of the Western District of Texas, the only locale in Texas where Renesas has a facility.

Dated: June 25, 2021                     Respectfully submitted,

                                         /s/ Darryl Adams
                                         Darryl Adams, State Bar No. 00796101
                                         SLAYDEN GRUBERT BEARD PLLC
                                         401 Congress Ave, Ste 1650
                                         Austin, TX 78701
                                         Telephone: 512-402-3562
                                         dadams@sgbfirm.com

                                         Neel Chatterjee (admitted pro hac vice)
                                         GOODWIN PROCTER LLP
                                         601 Marshall Street
                                         Redwood City, CA 94063
                                         Telephone: (650) 752-3100
                                         Facsimile: (650) 853-1038
                                         DG-RenesasDCt@goodwinlaw.com

                                         Brett Schuman (admitted pro hac vice)
                                         GOODWIN PROCTER LLP
                                         Three Embarcadero Center
                                         San Francisco, CA 94111-4003
                                         Telephone: (415) 733-6000
                                         Facsimile: (415) 677-9041
                                         DG-RenesasDCt@goodwinlaw.com

                                         Patrick J. McCarthy (admitted pro hac vice)
                                         Kelly Grosshuesch (admitted pro hac vice)
                                         GOODWIN PROCTER LLP
                                         1900 N Street, N.W.
                                         Washington, D.C. 20036
                                         Telephone: (202) 346-4000
                                         Facsimile: (202) 346-4444
                                         DG-RenesasDCt@goodwinlaw.com

                                         Suhrid A. Wadekar (admitted pro hac vice)
                                         Sarah J. Fischer (admitted pro hac vice)
                                         GOODWIN PROCTER LLP
                                         100 Northern Avenue
                                         Boston, MA 02210
                                         Telephone: (617) 570-1465
                                         Facsimile: (617) 523-1231
                                         DG-RenesasDCt@goodwinlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has

been served on all counsel of record via the Court's ECF system on June 25, 2021.

/s/ Darryl Adams
Darryl Adams

*Attorney for Defendants*

15