# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC, | |
| Plaintiff, | Civil Action No.: 6:20-cv-1213-ADA |
| v. | |
| Renesas Electronics Corporation and Renesas Electronics America, Inc., | JURY TRIAL DEMANDED |
| Defendants. | PATENT CASE |

## PLAINTIFF OCEAN SEMICONDUCTOR LLC'S OPPOSITION TO DEFENDANTS RENESAS ELECTRONICS CORPORATION AND RENESAS ELECTRONICS AMERICA, INC.'S MOTION TO TRANSFER VENUE

Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

DATED: July 9, 2021

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................. 1

II.     THE ANALYTICAL FACTORS WHEN CONSIDERING A TRANSFER SOLELY
FOR CONVENIENCE ........................................................................................... 2

III.    ARGUMENT ........................................................................................................ 3

   A.    The Private Interest Factors Are Either Neutral or Weigh Against Transfer ......... 4

     1.    This Case Is One of Seven Associated Cases Co-Pending in This Court, Raising
Substantial Practical Problems to Transfer ................................................................ 4

     2.    The Location of Infringement Evidence Includes Japan and Other Foreign
Locations, Making the Relative Ease of Access to Sources of Proof Factor Neutral at
Best   6

     3.    That the Most Likely Third Party Trial Witnesses Reside in the Western District
of Texas Weighs Heavily Against Transfer ............................................................... 9

     4.    The Cost of Attendance for Willing Witnesses is Greatest for the Foreign
Defendant, Making This Factor Neutral ................................................................. 10

   B.    The Four Public Interest Factors Are Either Neutral or Weigh Against Transfer 11

     1.    The Likelihood of Faster Disposition in this Court Weighs Against Transfer ... 12

     2.    The "Local Interest" Factor Weighs Against Transfer ....................................... 13

   C.    It Would Be Inefficient to Transfer This Action to Austin Unless This Court
Continues as Presiding Judge ................................................................................. 14

IV.    CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Indus. v. United States Fid. & Guar. Co.*,
358 F.3d 337 (5th Cir. 2004) ..................................................... 2

*AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*,
C.A. No. 3:08-1637-M,
2009 U.S. Dist. LEXIS 25100 (N.D. Tex. Mar. 24, 2009) ....................................... 9

*Fintiv, Inc. v. Apple Inc.*,
C.A. No. 6:18-00372-ADA,
2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sep. 10, 2019) ......................................... 7, 11, 12

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ................................................ 15

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) ................................................ 15

*In re Horseshoe Entm't*,
337 F.3d 429 (5th Cir. 2003) ..................................................... 3

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ................................................ 3, 4, 8, 17

*Kuster v. W. Dig. Techs., Inc.*,
C.A. No. 6:20-00563-ADA,
2021 U.S. Dist. LEXIS 25256 (W.D. Tex. Feb. 9, 2021) ......................................... 7

*MGM Well Servs. v. Prod. Control Servs.*,
C.A. No. 6:10-88,
2010 U.S. Dist. LEXIS 144799 (E.D. Tex. Nov. 22, 2010) ................................... 16

*NCS Multistage v. Nine Energy Serv.*,
C.A. No. 6:20- 00277-ADA,
2021 U.S. Dist. LEXIS 60219 (W.D. Tex. Mar. 30, 2021) ............................... 3, 5, 6

*NCS Multistage v. TCO AS*,
C.A. No. 6:20-00622-ADA,
2021 U.S. Dist. LEXIS 101261 (W.D. Tex. May 28, 2021) ................................... 5

*Parus Holdings Inc. v. LG Elecs. Inc.*,
C.A. No. 6:19-CV-00432-ADA,
2020 U.S. Dist. LEXIS 150926 (W.D. Tex. Aug. 20, 2020) .................................... 7, 8, 14, 15

*Perritt v. Jenkins*,
  C.A. No. 4:11-23,
  2011 U.S. Dist. LEXIS 89614 (E.D. Tex. July 18, 2011)........................................................... 8

*Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*,
  C.A. No. 6:17-CV-00549-JRG,
  2018 U.S. Dist. LEXIS 219899 (E.D. Tex. Sep. 5, 2018) ....................................................... 16

*Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*,
  796 F.2d 821 (5th Cir. 1986) ..................................................................................................... 4

**Statutes**

28 U.S.C. § 1404 ............................................................................................................................... 2

I.      **INTRODUCTION**

The Motion to Transfer Venue (Dkt. 36, the "Motion") filed by Defendants Renesas

Electronics Corporation ("REL") and Renesas Electronics America, Inc.'s ("REA," collectively

"Renesas" or "Defendants") omits facts essential to the Court's analysis regarding a motion to

transfer venue for convenience, and asserts flawed or misdirected arguments.  Each of the four

private interest and four public interest factors is either neutral or weighs against transferring this

case from Ocean's chosen venue to the Northern District of California ("N.D. Cal.").

Most significantly, Renesas fails to even mention the critical and overriding consideration

that this action is one of seven co-pending, related and coordinated cases before this Court each

of which involves all seven of the patents that are asserted against Renesas.  As this Court has

made abundantly clear in situations where there are even fewer co-pending actions with only a

single common patent, these circumstances weigh heavily in the transfer analysis, and Renesas'

studied failure to mention the other actions is telling.

Beyond this critical factor, Renesas ignores other important facts.  First, while focusing

on REA's location and activities in N.D. Cal., Renesas largely ignores that there is a second

defendant—REL, the parent corporation—that is ***not*** located in N.D. Cal. but rather in Japan and

is the semiconductor design and manufacturing company who works with foundries in Asia (e.g.,

TSMC in Taiwan) while REA is just the regional sales arm of REL.  (Dkt. 36 at 6.)  As REL is

more likely to have access to the sources of proof required in this case, transfer does not serve

convenience for the production of information from Japan and Taiwan.

Second, while attempting to drum up witnesses in N.D. Cal., Renesas fails to mention

that eight of the nine named inventors on five of the seven asserted patents reside in this district

(the ninth resides elsewhere in Texas) and are, thus, available to this Court's compulsory process

for trial but would ***not*** be for a trial in California.

Third, Renesas largely ignores that much of the relevant activity and many relevant entities are international such that there is no gain in convenience from a transfer to California. Here, REL is in Japan, the principal foundry that Renesas employs to infringe (TSMC) is in Taiwan, and the principal toolmakers supplying equipment to the Taiwanese foundry—Applied Materials and ASML—are both international entities.  Again, there is no greater convenience gained by a transfer, even for the limited number of witnesses, if any, that would be present at trial.

Finally, the public interest factors also favor maintaining this action in this District.  For example, contrary to Renesas' assertions, the median time to trial in this District is currently less than half that in N.D. Cal. and this Court has already taken several substantive pretrial steps such that a transfer now would likely result in a significantly later trial.

Because all of the relevant factors are either neutral or weigh against transfer, Renesas has not met its heavy burden to demonstrate that the proposed transferee court is clearly more convenient than the Western District of Texas.  The Motion should be denied.

## II.  THE ANALYTICAL FACTORS WHEN CONSIDERING A TRANSFER SOLELY FOR CONVENIENCE

For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  In this Circuit, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Action Indus. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  The public factors include: "(1) the

administrative difficulties flowing from court congestion; (2) the local interest in having

localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of

foreign law."  *Id.*  Notably, the presence of additional actions in the original district involving the

same patent or patents is a critical consideration.  *NCS Multistage v. Nine Energy Serv.*, C.A. No.

6:20- 00277-ADA, 2021 U.S. Dist. LEXIS 60219, at *8 (W.D. Tex. Mar. 30, 2021) (finding that

the existence of a parallel action in the District involving the same patent weighed heavily in the

transfer analysis).

At the same time, a plaintiff's selection of venue is entitled to deference.  *See In re*

*Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("it is clear under Fifth Circuit precedent

that the plaintiff's choice of forum is clearly a factor to be considered").  Indeed, the party

moving for transfer carries a "heavy burden" to demonstrate that proposed transferee court is

clearly more convenient than the court chosen by the plaintiff.  *NCS Multistage*, 2021 U.S. Dist.

LEXIS 60219, at *3.  In other words, it is not enough for a defendant to simply show that

litigation in another forum would be more convenient than the forum chosen by a plaintiff.

Rather, it must be shown that the "balance [of public and private interest factors] is ***strongly*** in

favor of the defendant."  *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821,

828 (5th Cir. 1986) (*cited with approval in Action Indus.*, 358 F.3d at 340).[1]

## III.   ARGUMENT

Renesas does not contest that venue in this District and Division is proper.  (*See* Dkt. 36.)

As such, Ocean's choice is entitled to deference.  *Volkswagen*, 545 F.3d at n.10.  Moreover, as

discussed below, the public and private interest factors that are to be weighed by this Court are

---

[1] Unless noted otherwise, all emphasis in this brief is added.

not "**strongly** in favor of the defendants." *Syndicate 420*, 796 F.2d at 828.  Thus, Defendants'
motion to transfer should be denied in its entirety.

###    A.    The Private Interest Factors Are Either Neutral or Weigh Against Transfer

The location of physical evidence carries little weight in the transfer analysis, at least
eight named inventors of the asserted patents are located in the Western District of Texas, and no
trial witnesses have been named.  Perhaps most significantly, this action is one of **seven** co-
pending, co-ordinated and related cases before this Court.  Further, the entirety of Defendant's
Argument relating to the private and public interest factors omits **any** discussion of REL—a
Japanese entity and REA's co-defendant and corporate parent—and why a transfer would be
more convenient for REL. Thus, all private interest factors weigh against transfer.

###    1.    This Case Is One of Seven Associated Cases Co-Pending in This Court, Raising Substantial Practical Problems to Transfer

Renesas insists that "there are no practical problems associated with a transfer, and
judicial economy favors transfer" (Dkt. 36 at 15) while ignoring perhaps the most important fact
in the overall analysis—that the present action is one of seven actions before this Court all of
which involve all seven of the patents asserted here.  Renesas goes so far as to disingenuously
assert that "there is no judicial economy to be gained from this Court[]" (*id.*) when, in fact, this
Court has held (and it is obviously true) that there is significant judicial economy to be gained
from precisely the circumstances in this case.

This Court has recently held, on multiple occasions, that parallel actions where a plaintiff
asserts common patents among the cases **weighs heavily** in the transfer analysis.  *See, e.g., NCS
Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8 (finding that the existence
of a parallel action in the District involving the same patent weighed heavily in the transfer
analysis and stressing the overlap of patents in related cases); *NCS Multistage v. TCO AS*, C.A.
No. 6:20-00622-ADA, 2021 U.S. Dist. LEXIS 101261, at *20 (W.D. Tex. May 28, 2021)

(same).  Notably, these three opinions found that parallel actions with common patents "weighed heavily" even though they involved only one common patent.

Here, on the other hand, there are seven patents (U.S. Patents Nos. 6,660,651, 6,907,305, 6,725,402, 6,968,248, 7,080,330, 6,836,691, and 8,676,538) and each is also asserted in each of six additional related cases before this Court: *Ocean Semiconductor LLC v. Western Digital Techs., Inc.*, No. 6:20-cv-1216-ADA (W.D. Tex. Mar. 12, 2021); *Ocean Semiconductor LLC v. NVIDIA Corp.*, No. 6:20-cv-1211-ADA (W.D. Tex. Mar. 12, 2021); *Ocean Semiconductor LLC v. NXP Semiconductors N.V.*, No. 6:20-cv-1212-ADA (W.D. Tex. Mar. 12, 2021); *Ocean Semiconductor LLC v. Silicon Labs Inc.*, No. 6:20-cv-1214-ADA (W.D. Tex. Mar. 11, 2021); *Ocean Semiconductor LLC v. STMicroelectronics Inc.*, No. 6:20-cv-1215-ADA (W.D. Tex. Mar. 12, 2021); and *Ocean Semiconductor LLC v. MediaTek Inc.*, No. 6:20-cv-1210-ADA (W.D. Tex. Apr. 26, 2021).  The Court has determined that all seven actions—including this one—will proceed on identical schedules with the same briefing schedules and the same *Markman* hearing. (*See* Ex. 1.)[2]

A second "practical problem" weighing against transfer—also conspicuously absent in Renesas's Motion—is the fact that this Court has already been fully briefed on (and is in the process of deciding) two important issues: (1) whether or not 35 U.S.C. § 271(g) is applicable to any of the seven asserted patents; and (2) whether or not five of the seven patents claim patent-ineligible subject matter under 35 U.S.C. § 101.  (*See* Dkts. 15, 27, 34-35, and 38.)

Transferring this action to a different district unquestionably will result in significant practical problems and judicial inefficiencies.  As such, this factor weighs very heavily against transfer.  *NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8.

---

[2] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Alex Chan in Support of Plaintiff's Opposition to Defendants' Motion to Transfer Venue.

>       2.    **The Location of Infringement Evidence Includes Japan and Other Foreign Locations, Making the Relative Ease of Access to Sources of Proof Factor Neutral at Best**

Renesas makes much ado about this Court's rulings regarding the location of relevant documents and information (Dkt. 36 at 11-13, *citing Parus Holdings Inc. v. LG Elecs. Inc.*, C.A. No. 6:19-CV-00432-ADA, 2020 U.S. Dist. LEXIS 150926, at *10-11 (W.D. Tex. Aug. 20, 2020)), but its stated analysis is flawed both legally and factually.

As a threshold matter, Renesas does not point with particularity to ***any*** relevant physical documents much less confirm that any such documents are located in the N.D. Cal.  Thus, its vague assertions about ease of access are unsupported and should not be credited.

In addition, as this Court has astutely noted in several previous orders, focusing on the physical location of documents is "out of touch with modern patent litigation" as "'all (or nearly all) produced documents exist as electronic documents on a party's server . . . [and] with a click of a mouse or a few keystrokes, the party produces these documents.'"  *Kuster v. W. Dig. Techs., Inc.*, C.A. No. 6:20-00563-ADA, 2021 U.S. Dist. LEXIS 25256, at *9 (W.D. Tex. Feb. 9, 2021). *See also Fintiv, Inc. v. Apple Inc.*, C.A. No. 6:18-00372-ADA, 2019 U.S. Dist. LEXIS 171102, at *12 (W.D. Tex. Sep. 10, 2019).  It is far more likely that the "sales and marketing" evidence that Renesas vaguely asserts is located in California is electronically stored than the engineering and other technical documents (both for REL and for the relevant third parties) that are not located in California.  Indeed, because Renesas does not dispute that any relevant evidence is readily stored on its servers (which is particularly true because Renesas has transcontinental offices in Austin, San Jose, and Tokyo), this factor is at most neutral.

Similarly, this Court's recent holdings regarding "the modern-day patent litigation circumstances which surround document and information evidence" refer consistently to the Fifth Circuit's analysis in *In re Volkswagen of Am.*, 545 F.3d at 316.  *See, e.g., Parus Holdings*,

2020 U.S. Dist. LEXIS 150926, at *10 (noting the diminished relevance of this factor in

"modern patent litigation" but nonetheless adhering to Fifth Circuit precedent in *Volkswagen*).

*Volkswagen*, however, involved physical evidence relating to a car accident and where ***all*** of that

evidence was located in a different district.  It did not consider the location of documentary

evidence—including evidence maintained by a foreign entity—in patent infringement litigation.

Moreover, other courts in the Fifth Circuit have found that the fact that all of the relevant

documentary evidence is not located in the target venue enough to distinguish the *Volkswagen*

holding.  *See, e.g., Perritt v. Jenkins*, C.A. No. 4:11-23, 2011 U.S. Dist. LEXIS 89614, at *8-9

(E.D. Tex. July 18, 2011) ("Unlike *Volkswagen II*, where all physical evidence was located in the

transferee venue, physical evidence in this case is located in both Nevada and Texas . . . .

Therefore, Nevada is not a clearly more convenient forum . . . ."); *AT&T Intellectual Prop. I,*

*L.P. v. Airbiquity Inc.*, C.A. No. 3:08-1637-M, 2009 U.S. Dist. LEXIS 25100, at *9-10 (N.D.

Tex. Mar. 24, 2009) ("This case is unlike the situation in *Volkswagen II*, where there was

physical non-documentary evidence related to a car accident . . . .  Here, the only evidence

identified is documentary, and the burden of exchanging documents is comparatively slight").

Here, Renesas admits that "[i]t is now well-established that 'in patent infringement cases,

the bulk of the relevant evidence usually comes from ***the accused infringer***.  Consequently, the

place where the defendant's documents are kept weighs in favor of transfer to that location.'"

(Dkt. 36 at 11.)  Renesas, however, then misdirects the Court by focusing only on sales and

marketing information while ignoring the multiple additional sources of information that are

relevant to the infringement issues.

As previously noted, there are two defendants in this action: REL and REA.  As Renesas

admits, REL "is one of the world's leading suppliers of semiconductor products," "designs and

manufactures certain semiconductor products in its facilities in Japan," and has a contractual

relationship with a Taiwanese foundry (TSMC) to manufacture products.  (Dkt. 36 at 6, 8.)  As

an alleged infringer and manufacturer of the Infringing Instrumentalities, there can be no

legitimate dispute that REL and its contractually-affiliated foundry TSMC possess significant

amounts of relevant infringement evidence.  Indeed, given all of this, it is disingenuous for

Renesas to contend that it "has virtually no information related to infringement issues in this

case" (Dkt. 36 at 5).  Moreover, as the act of importation is an infringing act, REL will

undoubtedly have documentary evidence relating to its dealings with its foundries and the

products they produce for importation into the U.S.  Transferring this action to California will

not provide any better access to such documents.

        REA, on the other hand, is merely "the sales and marketing arm of REL for the Americas

and is a wholly owned subsidiary of REL."  (*Id.* at 6.)  To the extent that certain documents

relating to sales and marketing may be located in N.D. Cal., they are overwhelmed by the

documentary evidence that is ***not*** located there.

        Beyond this, while Renesas asserts with zero evidence that "highly relevant evidence

regarding alleged infringement" resides in California (Dkt. 36 at 12), this is likely untrue.

Whether or not third parties such as TSMC, AMAT, or ASML have some presence in California

(and notably these entities also have offices focused on R&D in this District, including Austin—

*see, e.g.,* Exs. 4-6 discussing the presence of TSMC, ASML, and AMAT in Austin), the

offending systems are located in Asia and at least TSMC and ASML are headquartered abroad

and likely maintain their technical documentation elsewhere.

        Moreover, for the same reason that current Fifth Circuit precedent focuses on the physical

location of documents rather than electronic availability, the fact that TSMC, AMAT, and ASML

have California offices (with Renesas intentionally ignoring that they also have offices focused

on R&D in Austin) is not to be considered when their documents are physically located

8

elsewhere.  Renesas cannot have it both ways.  Either the ease of electronic document production

is to be recognized—in which case it does not matter if its documents are physically located in

California—or physical location matters and all of the third party technical information is almost

assuredly located outside California.  Notably, Renesas has offered no proof that any such

documents are present in California.

Ultimately, the location of documents is, in a practical sense, of no moment to any party's

or Court's convenience.  Regardless of which Court this case is pending in, the process of

collecting, reviewing, and producing documents will proceed in exactly the same way.  All of

that work happens independently of where the case is pending.  Given all of this, the "ease of

access to sources of proof" factor is, at best, of comparatively minor importance to the overall

analysis and does not weigh substantially in favor of transfer, if at all.

### 3.    That the Most Likely Third Party Trial Witnesses Reside in the Western District of Texas Weighs Heavily Against Transfer

Renesas' argument that "it is clear that there are not more persons with relevant

infringement information in the Western District of Texas than Northern California" (Dkt. 36 at

14) completely ignores the importance of the named inventors and that the choice of *trial*

witnesses is typically quite different than those who are deposed.  For trial, the most important

witnesses are the named inventors and the named parties.  Consideration of these—the likely

trial witnesses—weighs heavily in favor of denying transfer.[3]

As even Renesas concedes (Dkt. 36 at 13), the availability to compel non-party witnesses

is of particular importance to the analysis.  *Fintiv, Inc. v. Apple Inc.*, C.A. No. 6:18-00372-ADA,

2019 U.S. Dist. LEXIS 171102, at *14 (W.D. Tex. Sep. 10, 2019).  Here, however, fully *eight*

---

[3] While it is possible that certain *deposition* witnesses are located outside of this District and even in the Northern District of California, depositions generally take place in locations convenient for witnesses and counsel, completely independent of where the case is pending.  Thus, their location is irrelevant to the present analysis.

named patent inventors reside in this District—all of the named inventors for five of the seven

asserted patents.  (Chan Declaration at ¶9.)  The sole named inventor on a sixth patent resides

elsewhere in Texas just outside the District.  (*Id.*)  Since none of the inventors are employed by

Ocean, there is a substantial likelihood that they will need to be subpoenaed to appear at trial,

which could be readily done for a trial in this District.  On the other hand, none of these

inventors could be compelled to attend trial in California.

      After inappropriately minimizing the presence of the nine Texas inventors, Renesas

vaguely asserts—again with zero evidence or citation—that "the most important third parties

have substantial operations in Northern California" (Dkt. 36 at 13), apparently implying that any

relevant third-party trial witnesses are only present in California.  This argument denies reality.

As Renesas concedes elsewhere (*see, e.g., id.* at 3-4), most of the third parties do ***not*** have their

technical employees based in California—TSMC is headquartered and has its foundries in

Taiwan, ASML is in the Netherlands, etc.  Thus, even if such witnesses exist, they do not weight

in favor of transfer.

      Moreover, this action is at a comparatively early discovery stage and it is entirely

unclear—beyond the named inventors—what witnesses may be important for trial.  As this Court

has previously reasoned, it is likely "that no more than a few party witnesses—and even fewer

third-party witnesses, if any—will testify live at trial."  *Fintiv*, 2019 U.S. Dist. LEXIS 171102, at

\*18.  Since compulsory process is available in this District for the large majority of the inventors

while it is not in N.D. Cal., this factor weighs against transfer.

### 4.    The Cost of Attendance for Willing Witnesses is Greatest for the Foreign Defendant, Making This Factor Neutral

      Renesas' repetitive assertion that "many of the fact witnesses would only be a short drive

away from the Northern District of California courthouses" and that "the most pertinent Renesas

witnesses are in Northern California" (Dkt. 36 at 15, 14), is once again inaccurate and ignores

the primacy of REL as the parent company responsible for all of the technical aspects of the infringement.  As mentioned in the prior section above, it is entirely unclear at this point—beyond the named inventors—what witnesses may be important for trial; and it is likely that no more than a few party witnesses and even fewer third-party witnesses *other than inventors* will testify at trial.

At this point, the only assumptions that can be made are that the named inventors—the large majority of which reside in this District—are likely witnesses.  It would be a major inconvenience for the Texas-resident inventors to have to travel to California for trial.

On the other hand, it is more likely that there will be technically-oriented witnesses from REL to address the core infringement issues than any large number of sales and marketing employees from California.  Any foreign-based witnesses from REL or even third parties would still be traveling thousands of miles regardless of which district conducts trial.

It is too early to conclude that this factor weighs in favor of transfer.  It is, at best, neutral.

### B.    The Four Public Interest Factors Are Either Neutral or Weigh Against Transfer

Ocean agrees that the third and fourth public interest factors—the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws of the application of foreign law—are neutral in this analysis.  That said, however, Renesas once again ignores key facts when arguing the strength of the public interest factors.  None of the Infringing Instrumentalities are asserted as being manufactured in N.D. Cal..  Further, the Complaint does not specify N.D. Cal. as a location particularly targeted by Renesas' importation and sale of those Infringing Instrumentalities.  Finally, Renesas' statistics regarding the differences in time to trial between this District and N.D. Cal. are out of date and inapposite.

1.      **The Likelihood of Faster Disposition in this Court Weighs Against Transfer**

The relevant inquiry for the third public interest factor—administrative difficulties flowing from court congestion—does not measure the number of cases heard by a specific court. Rather, "the relevant inquiry under this factor is actually '[t]he speed with which a case can come to trial and be resolved[.]'" *Parus Holdings Inc.*, 2020 U.S. Dist. LEXIS 150926, at *22. Thus, as Renesas recognizes, the court with the faster time to trial is the more convenient venue.

Renesas argues that the average times to trial between 2008 and 2021 are 2.62 years in the Western District of Texas and 2.40 years in N.D. Cal. (Dkt. 36 at 16, n.4), but its selection of a 13-year data period is laughably and obviously self-serving. Upon closer inspection, it becomes clear that this range was selected because more current data shows that recent case dispositions in the Western District of Texas come significantly faster than in N.D. Cal. If the range of cases is narrowed to a more current time period, such as the most recently-measured five years (2016 and 2020), the average time to trial in N.D. Cal. is 4.88 years, while the average time to trial in the Western District of Texas is less than half that—only 1.93 years. (*See* Ex. 2.) And, of course, Renesas deliberately ignores that this case was filed not generally in the Western District, but in this particular Court, which is well-known to have implemented procedures focused on bringing patent cases to trial quickly.

This stark difference is only compounded here where the present action was filed well over six months ago, has already had two significant patent issues fully briefed and awaiting resolution, and—per the Court's standard Order Governing Procedures—is likely to go to trial in less than eighteen months. A transfer now would undoubtedly result in a substantially longer time to trial.

Further, while Renesas contends that this factor should receive the least weight (Dkt. 36 at 16), this Court has not so found when confronted by such an argument in the past. See *Parus*,

2020 U.S. Dist. LEXIS 150926, at *23 (noting the attorney argument that this factor should receive less weight, but not reaching that holding).  The same is true of at least one of the cases cited by Renesas.  While the Federal Circuit did note the speculative nature of these statistics, the court there held only that this factor should not be dispositive, not that the factor should receive less weight than the other factors.  *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) ("[T]he speed of the transferee district court should not *alone* outweigh all . . . other factors.")

Because the time to trial is significantly faster in this District, this factor weighs against transfer.

### 2.    The "Local Interest" Factor Weighs Against Transfer

Renesas mistakenly assert that, because it does not have its headquarters in this District, the District has no localized interest.  (Dkt. 36 at 16.)  This District has a local interest for several reasons that are at least as important as any interest that N.D. Cal. may have.

First, based on the faces of the patents, six of the patented inventions were invented in this District at a company (AMD) that continues to have a very large local presence (*see, e.g.,* Ex. 3, an AMD job-posting listing indicating that AMD currently has over 400 job openings in Austin).  Eight of the named inventors on the patents resulting from those inventions continue to reside in this District.  As such, this Court has a strong local interest in this action.  *See, e.g., In re Hoffmann-La Roche Inc*., 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("the Eastern District of North Carolina's local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community"); *MGM Well Servs. v. Prod. Control Servs.*, C.A. No. 6:10-88, 2010 U.S. Dist. LEXIS 144799, at *18-19 (E.D. Tex. Nov. 22, 2010) (finding as relevant that "[c]onception and prosecution of the patent presumably took place within the

13

Southern District of Texas because both the inventor and the prosecuting attorney reside within the District").

Second, Renesas concedes that REA has a presence in this District with at least nineteen employees.  (Dkt. 36 at 14; Dkt. 36-9 at ¶ 12.)  This alone creates a local interest.  *See, e.g., Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*, C.A. No. 6:17-CV-00549-JRG, 2018 U.S. Dist. LEXIS 219899, at *24 (E.D. Tex. Sep. 5, 2018) (finding the local interest factor neutral based on facilities in the district, and despite Amazon's objection that such facilities were related to national sales and not the asserted technology, the court finding that Amazon afforded itself of the laws and protections provided by the district).  REA cannot choose to employ workers in this District, just to later disregard their presence when it does not suit its goals.

On the other hand, Renesas falsely asserts that TSMC—the contractually-affiliated foundry that manufactures Infringing Instrumentalities for Renesas—is headquartered in the N.D. Cal.  (Dkt. 36 at 16.)  As even Renesas elsewhere admits (*id.* at 8), TSMC is headquartered in Taiwan.  That is where the accused products are made and where the principal events giving rise to the dispute occur.  As such, N.D. Cal. has no localized interest in those events.

### C.     It Would Be Inefficient to Transfer This Action to Austin Unless This Court Continues as Presiding Judge

Limited to a single footnote (Dkt. 36 at n.3), Renesas' entire argument that this case should, in the alternative, be transferred to the Austin Division is based solely on the argument that most of the named inventors are located closer to Austin than Waco.  Even if one were to assume that this single factor weighs slightly in favor of an intra-district transfer to the Austin division, Renesas still has not met the "heavy burden" required to overcome the deference due to Ocean's choice of venue.  *Volkswagen*, 545 F.3d at n.10.  In particular, given the six other co-pending actions before this Court involving the same patents, it would be highly inefficient to transfer this action to Austin ***unless*** this Court continued to preside over the action.

14

## IV.     CONCLUSION

For the reasons set forth above, Renesas' Motion to Transfer should be denied in its

entirety.


Dated:  July 9, 2021

                                                     /s/ Alex Chan
                                                     Timothy Devlin
                                                     tdevlin@devlinlawfirm.com
                                                     Henrik D. Parker
                                                     hparker@devlinlawfirm.com
                                                     Alex Chan (State Bar No. 24108051)
                                                     achan@devlinlawfirm.com
                                                     **DEVLIN LAW FIRM LLC**
                                                     1526 Gilpin Avenue
                                                     Wilmington, DE 19806
                                                     Telephone:  (302) 449-9010
                                                     Facsimile:  (302) 353-4251

                                                     *Attorneys for Plaintiff*
                                                     *OCEAN SEMICONDUCTOR LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 9, 2021.

<u>*/s/ Alex Chan*                              </u>
Alex Chan